FILED
FEBRUARY 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILINOIS - EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 30 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARCO SANCHEZ d/b/a )<br>VISION INTERIOR )<br>DRYWALL CORPORATION )<br>)<br>Defendant. ) | **08 C 888**<br><br>**JUDGE LEFKOW**<br>**MAGISTRATE JUDGE DENLOW** |

### COMPLAINT

Painters District Council No. 30 ("Union") petitions this Court to confirm and enforce a labor arbitration decision and award.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. Sec. 9 and Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185 (a).

2. Venue is proper in this district as the Plaintiff and Defendant are located in Kane County, Illinois and are within this judicial district.

### PARTIES

3. Painters District Council No. 30 ("Union") is a labor organization. The Union is an affiliate of the International Union of Painters and Allied Trades and has its business office at 1905 Sequoia Drive, Aurora, Illinois 60506.

4. Marco A. Sanchez d/b/a/ Vision Interior Drywall Corporation ("Vision") is an employer engaged in the construction painting industry throughout Northeast Illinois.

1

FACTUAL ALLEGATIONS

5. At all material times, members of the FCA of Illinois, an Employer Association ("Association"), as well as other employers and the Union have been signatories to a collective bargaining agreement with effective dates of May 1, 2004 through April 20, 2008 ("Agreement"). At all times material, Vision has also been a signatory to the Agreement.

6. Article 13, Section 13.1 of the Agreement provides for dispute resolution through a grievance and arbitration procedure that originates with the Joint Trade Board ("JTB"). The JTB consists of 12 members, 6 appointed by the Union, and 6 appointed by the Association.

7. Section 13.3 provides that "[a]ny decision of the Joint Trade Board shall be final and binding upon every party and any signatory to this Agreement". Section 13.6 provides that "[i]f the Joint Trade Board deadlocks, all matters in dispute shall be referred to arbitration by either party."

8. On or about April 26, 2007, the Union filed charges with the JTB against Vision for violations of Articles 6, 9 and 12 of the Agreement. On May 1, 2007, Vision received notice of the charges along with notice that a JTB hearing was scheduled for May 22, 2007.

9. On May 22, 2007, the JTB held a hearing on the charges against Vision. Despite receiving notice of the charges, the hearing date and time, Vision failed to appear at the hearing.

10. Based upon the evidence presented, the JTB found that Vision had violated the Agreement by failing to file any job reporting notices as required by Section 6.9 of

the Agreement, and failing to timely submit fringe benefit contributions and wage deductions as required by Sections 9.1 and 9.3 of the Agreement.  The JTB fined Vision $2,5000 for the violations and $2,409.37 for delinquent contributions and late fees and ordered Vision to report all jobs to the Union as required.

11.  The Findings by the JTB are final and binding.

12.   On May 24, 2007, Vision was advised, in writing, of the JTB's Decision and fines. Vision was also advised that such fine was payable within ten days of the notice.

13. To date, Vision has not paid the fine as required by the JTB's Decision and has failed and refused to comply with the JTB's Decision.

## RELIEF

Wherefore, the Union requests that this Court enter the following relief for it and against Defendant Marco Sanchez d/b/a as Vision Interior Drywall Corporation:

A.  Confirm the Joint Trade Board's Decision and Award;

B.  Order Defendant to pay the fine issued in the Joint Trade Board's Decision and Award;

C.  Order Defendant to pay the delinquent contributions and late fees;

D.  Order Defendant to comply with the Joint Trade Board's Order that it report all jobs to the Union as required by the collection bargaining agreement;

E.  Order Defendant to pay the Union its damages, reasonable attorneys' fees and costs; and

F.  All other relief as this Court deems just and proper.

Respectfully submitted,

_____
Sherrie E. Voyles
One of Plaintiff's Attorneys

Jacobs Burns Orlove Stanton & Hernandez
122 S. Michigan Avenue Suite 1720
Chicago, IL 60603
(312) 327-3444
svoyles@jbosh.com