UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 30 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| MARCO SANCHEZ d/b/a | ) | Case No. 08-C 888 |
| VISION INTERIOR | ) | |
| DRYWALL CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF FINAL DEFAULT JUDGMENT**

This action is brought pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, to confirm and enforce a final and biding arbitration award (the "Award") issued by the Joint Trade Board ("JTB"). The JTB is created by the collective-bargaining agreement (the "CBA") between Plaintiff Painters District Council No. 30 ("Union") and Defendant and authorized by that agreement to resolve all disputes as to the interpretation of the CBA. Defendant has failed to answer or otherwise plead.

**FACTS**

Members of the FCA of Illinois, an Employer Association ("Association"), as well as other employers in general, and the Defendant in particular, and the Union have been signatories to a collective bargaining agreement with effective dates of May 1, 2004 through April 20, 2008 ("Agreement"). Vision has been a signatory to the Agreement since November 11, 2004. (Anderson Declaration ¶2, Exhibit 1) Article 13, Section 13.1 of the Agreement provides for dispute resolution through a grievance and arbitration procedure that originates with the JTB. The JTB consists of 12 members, 6 appointed by the Union, and 6 appointed by the Association. (Anderson Declaration ¶3, Exhibit 2)

1

Section 13.3 provides that "[a]ny decision of the Joint Trade Board shall be final and binding upon every party and any signatory to this Agreement". (Anderson Declaration ¶4, Exhibit 3)  Section 13.6 provides that "[i]f the Joint Trade Board deadlocks, all matters in dispute shall be referred to arbitration by either party." (Anderson Declaration ¶4, Exhibit 4)  On or about April 26, 2007, the Union filed charges with the JTB against Vision for violations of Articles 6, 9 and 12 of the Agreement. (Anderson Declaration ¶5, Exhibit 2)  On May 1, 2007, Vision received notice of the charges along with notice that a JTB hearing was scheduled for May 22, 2007.  (Anderson Declaration ¶5, Exhibit 6)   On May 22, 2007, the JTB held a hearing on the charges against Vision.  Despite receiving notice of the charges, the hearing date and time, Vision failed to appear at the hearing.  (Anderson Declaration ¶6)

Based upon the evidence presented, the JTB found that Vision had violated the Agreement by failing to file any job reporting notices as required by Section 6.9 of the Agreement, and failing to timely submit fringe benefit contributions and wage deductions as required by Sections 9.1 and 9.3 of the Agreement.  The JTB fined Vision $2,500 for the violations and $2,409.37 for delinquent contributions and late fees and ordered Vision to report all jobs to the Union as required. (Anderson Declaration ¶7) On May 24, 2007, Vision was advised, in writing, of the JTB's Decision and fines. Vision was also advised that such fine was payable within ten days of the notice.   (Anderson Declaration ¶9, Exhibit 7)   To date, Vision has not paid the fine as required by the JTB's Decision and has failed and refused to comply with the JTB's Decision.  (Anderson Declaration ¶10)

**LEGAL AUTHORITY**

As the contractually-appointed arbiter of contractual disputes between the Union and its signatory employers, JTB functions as a board of arbitration, and this Court's review of its decision is therefore extremely limited. *United Steelworkers of Am. v. Enterprise Wheel and Car Corp.*, 363 U.S. 593,596 (1960); *Jasper Cabinet Co. v. United Steelworkers of Am.*, 77 F.3d 1025, 1028 (7th Cir. 1996) (upholding district court's confirmation of arbitration award and awarding union its attorneys' fees for employer's meritless contention that award did not draw its essence from contract); *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 706 (7th Cir. 1994) ("judicial review of arbitration awards is tightly limited; perhaps it ought not be called 'review' at all"). A reviewing court must uphold an arbitration decision if it "draws its essence from the collective bargaining agreement." *United Paperworkers Int'l Union et al. v. Misco, Inc.*, 484 U.S. 29, 36 (1960). A reviewing court must determine whether the arbitrator "exceeded the powers delegated to him by the parties." *Dexter Axle Co. v. International Ass'n of Machinists and Aerospace Workers, Dist. 90, Lodge 1315*, 418 F.3d 762, 768 (7th Cir. 2005), quoting *Ethyl Corp., v. United Steelworkers of Am.*, 768 F.2d 180, 184 (7th Cir. 1985) (affirming district court's confirmation of award). It is the arbitrator's interpretation that the parties have bargained for, and the courts' failure to respect that interpretation would undermine the federal policy of settling labor disputes by arbitration. *Ladish v. International Ass'n of Machinists and Aerospace Workers, Dist. No. 10 and Local 1862*, 966 F.2d 250, 252 (7th Cir. 1992) (upholding district court's refusal to vacate award). The party seeking to vacate an arbitration award therefore must "shoulder [a] heavy burden," *Dexter Axle* at 767, a burden that the Defendant, by failing to even

answer or appear, cannot sustain. The decision of the JTB, memorialized in the minutes of its May, 2007 meeting, reflects its binding interpretation of the contract as applied to the facts that it found, and Defendant can present no reasons why it should not be confirmed by this Court.

There is nothing deficient about the JTB's award itself that would change this conclusion. The JTB did not issue written findings in support of its decision, but it is well-established that it was not required to do so. *Sullivan v. Lemoncello*, 36 F.3d 676, 683 (7th Cir. 1994) (upholding district court's confirmation of award of joint arbitration board); *Shearson Hayden Stone, Inc. v. Liang*, 653 F.2d 310, 312 (7th Cir. 1981). (upholding confirmation of award despite arbitrators' failure to give reasons). In *Lemoncello* the court described as a "red herring" the employer's argument that the joint arbitration board's awards did not draw their essence from the collective bargaining agreement because they did not explain the board's reasoning in penalizing the defendant for his contract violations, noting that "arbitrators have no obligation … to give their reasons for an award." *Lemoncello*, 36 F.3d at 683, quoting *Enterprise Wheel*, 363 U.S. at 598. The award of the JTB in the present case is also due no less deference by this Court than if it had been supported by detailed written findings

Section 13.5 of the CBA also provides that reasonable attorneys' fees and costs are recoverable against any Employer for whom the JTB must seek judicial enforcement of its Award. (Exhibit 4) Thus, in addition to confirming the JTB's Award of $4,909.37 against Defendant, the Court should also award Plaintiff $1,954.50.00 in attorneys' fees costs. (Voyles Declaration¶6, 7).

        Respectfully submitted,

        **PAINTERS DISTRICT COUNCIL NO. 30**

        By:  <u>s/Sherrie E. Voyles</u>
             One of its Attorneys

Sherrie E. Voyles
Jacobs, Burns, Orlove, Stanton and Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603
(312) 372-1646