UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| PAINTERS DISTRICT COUNCIL NO. 30 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| MARCO SANCHEZ d/b/a | ) | Case No. 08-C 888 |
| VISION INTERIOR | ) | |
| DRYWALL CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

## CHARLES E. ANDERSON  DECLARATION

I, Charles E. Anderson, under the penalties of perjury under the laws of the United States, state that the following statements are true to the best of my belief and knowledge.

1.      I am the Secretary-Treasurer of the Painters District Council No. 30 and have held such position since April 1, 1993.  As such, I am the chief negotiator for the Union.

2.      At all material times, members of the FCA of Illinois, an Employer Association ("Association"), as well as other employers and the Union have been signatories to a collective bargaining agreement with effective dates of May 1, 2004 through April 20, 2008 ("Agreement"). (Exhibit 1) Vision has been a signatory to the Agreement since November 11, 2004.

3.      Article 13, Section 13.1 of the Agreement provides for dispute resolution through a grievance and arbitration procedure that originates with the Joint Trade Board ("JTB"). (Exhibit 2)  The JTB consists of 12 members, 6 appointed by the Union, and 6 appointed by the Association.

4.   Section 13.3 provides that "[a]ny decision of the Joint Trade Board shall be final and binding upon every party and any signatory to this Agreement". (Exhibit 3) Section 13.6 provides that "[i]f the Joint Trade Board deadlocks, all matters in dispute shall be referred to arbitration by either party." (Exhibit 4)

5.   On or about April 26, 2007, the Union filed charges with the JTB against Vision for violations of Articles 6, 9 and 12 of the Agreement. (Exhibit 5)  On May 1, 2007, Vision received notice of the charges along with notice that a JTB hearing was scheduled for May 22, 2007.  (Exhibit 6)

6.   On May 22, 2007, the JTB held a hearing on the charges against Vision. Despite receiving notice of the charges, the hearing date and time, Vision failed to appear at the hearing.

7.   Based upon the evidence presented, the JTB found that Vision had violated the Agreement by failing to file any job reporting notices as required by Section 6.9 of the Agreement, and failing to timely submit fringe benefit contributions and wage deductions as required by Sections 9.1 and 9.3 of the Agreement.  The JTB fined Vision $2,500 for the violations and $2,409.37 for delinquent contributions and late fees and ordered Vision to report all jobs to the Union as required.

8.   The findings by the JTB are final and binding.

9.   On May 24, 2007, Vision was advised, in writing, of the JTB's Decision and fines. Vision was also advised that such fine was payable within ten days of the notice.  (Exhibit 7)

10.   To date, Vision has not paid the fine as required by the JTB's Decision and has failed and refused to comply with the JTB's Decision.

DATED:  May 12, 2008

Charles E. Anderson

Collective Bargaining

Agreement

For

Painters District Council

No. 30

May 1, 2004

Through

April 30, 2008

**FCA of Illinois**

Painters District
Council No. 30

3813 Illinois Avenue

St. Charles, Illinois 60174

Phone: (630) 377-2120

Thomas Tully – President

Charles Anderson – Secretary-Treasurer


EXHIBIT

1

Blumberg No. 5119

EXHIBIT 2

Blumberg No. 5119

EXHIBIT 3

Blumberg No. 5119

## ARTICLE 13
## JOINT TRADE BOARD

Section 13.1   The Union and the Association agree to establish and maintain a Joint Trade Board consisting of twelve (12) members with six (6) members and an alternate appointed by each party. All disputes and grievances shall be referred to the Joint Trade Board, unless as otherwise expressly provided for under this Agreement.

Section 13.2   The Joint Trade Board shall have the right to establish reasonable rules and regulations for its operation and such rules and regulations shall be binding upon all the parties.

Section 13.3   Three (3) members of the Joint Trade Board shall constitute a quorum, provided that at least one (1) member is representing each party to this Agreement. In the absence of any party's representatives or if there is a vacancy, that party shall be entitled to cast pro rata through the members present the votes of an absent member or vacant position so that at all times the votes of each party shall be equal. Any decision of the Joint Trade Board shall be final and binding upon every party and any signatory to this Agreement.

Section 13.4   (a) The officers of the Joint Trade Board shall be a Chairman and a

43

audit any document required by this Agreement and shall provide such records as the Union considers necessary to enforce the provisions of this Agreement.

(b) notwithstanding any other provision in this Article, if the performance or surety bond is obtained and maintained in accordance with this Article and provided the Employer has completely and accurately reported and paid on a timely basis for all covered employees and hours worked under this Agreement, the Employer or the Employer's appropriate corporate officials shall not be personally liable for a delinquency as set forth in Article 12.5 (a).

(c) Article 12.5 (b) shall also apply to the extent that an Employer can establish that a subcontractor(s) has complied with the bonding and reporting obligations pursuant to Article 12.5 (b).

12.6. An Employer covered by the Illinois Unemployment Compensation Act ("IUCA") shall provide the Union with the Employer's IUCA identification number. An Employer not covered by the IUCA agrees to elect to be bound by the IUCA and shall be personally liable for the payment of IUCA benefits.

42

EXHIBIT 4

Blumberg No. 5119

Secretary-Treasurer. One officer shall be a representative of the Union and the other officer shall be a representative of the Association.

(b) The Joint Trade Board shall meet once every quarter and at such other times during the year as the Chairman determines.

Section 13.5   If the Joint Trade Board finds that an Employer violated this Agreement, the Joint Trade Board is authorized to fashion, in its sole discretion, all appropriate remedies, including but not limited to, awarding actual damages to the aggrieved individual or entity, plus fines not to exceed one thousand dollars ($1,000.00) per violation, and assessing liquidated damages, interest, costs, reasonable attorneys' fees, administrative expenses, and auditing fees incurred by the Joint Trade Board. Such remedies and assessments shall also be imposed on the Employer if the Joint Trade Board, any party to this Agreement, or any entity enforcing its rights under this Agreement obtains judicial enforcement of the Joint Trade Board Award.

Section 13.6   If the Joint Trade Board deadlocks, all matters in dispute shall be referred to arbitration by either party. The complaining party may submit the matter to binding arbitration before the American Arbitration Association ("AAA") (Labor Dispute Rules) in Chicago. The decision of the arbitrator shall be final and binding. Each party

shall bear its own costs but shall share the costs of the arbitrator and of the AAA.

Section 13.7   If the Joint Trade Board finds that a member in good standing of Painters' District Council No. 30 violated this Agreement, Painters' District Council No. 30 shall have the duty to prefer charges against such member.

Section 13.8   If an Employer violates the provisions of Article 8 or Article 16, the Employer shall be required to provide a thirty thousand dollar ($30,000) bond for the life of the Agreement, in addition to any other bond which may be required. The Joint Trade Board shall meet within five (5) days of giving notice to an Employer charged with violating the above Articles.

Section 13.9   Each and every Employer and member of the Union pledges upon his honor not to break the rules and regulations embodied herein, which have been promulgated for the improvement and betterment of the entire organized painting, decorating and drywall industry in the jurisdiction of Painters' District Council No. 30, and, furthermore, each shall recognize it to be their duty to report immediately to the Trade Board, in writing, any facts, and facts only, pertaining to any violation of the Agreement.

44

45

Charles Anderson, Secretary Treasurer
Painters District Council No. 30
3813 Illinois Ave., Suite 101
St. Charles IL.   60174

RE: Vision Interior Drywall Corp.
Marco Sanchez
Ph. 630-878-7463

April 26, 2007

Dear Sir and Brother,

I, James Stelmasek, District Council #30 Representative do hereby charge
Vision Interior Drywall Corp. with the following violations of the current
Collective Bargaining Agreement:

Article 6, Job Site Reporting, Sec. 6.9 (pg. 13)
Article 9, Benefit Funds, Sec. 9.1 (pg.30) and Sec. 9.3 (pg. 31)`

Vision is delinquent on their monthly remittance reports to The Benefits
Office for December 2006 and February 2007 and has outstanding late fee
assessments of $2,409.37 for the year ending 2006. The District Council
office has not received any job site reports from them.

Charges were filed on the same matters in October 2006.

Sincerely,

James Stelmasek
District Council Rep.

EXHIBIT
5



# District Council No. 30

INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES A.F.L.-C.I.O.
*Painter Local Unions* L.U. 97, L.U. 154, L.U. 157, L.U. 209, L.U. 448, L.U. 465, L.U. 467, L.U. 607, L.U. 1285
*Glazier Local Unions* L.U. 1164, L.U. 1355

CHARLES E. ANDERSON
*Secretary-Treasurer*

*4517*

May 24, 2007

Marco Sanchez
Vision Interior Drywall Corporation
3828 West 121st Place
Alsip, IL  60803

Certified Return Receipt Mail
1st Class Mail

Dear Mr. Sanchez:

The following is the excerpt from the minutes of Painters District Council 30's Joint Trade Board hearing involving your company.  I am sure that you will find it self explanatory.

> The case of Vision Interior Drywall Corporation was presented to the Board by Secretary-Treasurer Anderson.  After hearing the facts related to the case, a motion was made, seconded and passed to fine Vision Interior Drywall Corporation $2,500.00 for non-compliance with the Collective Bargaining Agreement.  In addition, Vision Interior Drywall Corporation must remit all delinquent contributions due to Painters District Council 30's Funds, pay all late fees, currently $2,409.37 and report all jobs to the District Council.  Vision Interior Drywall Corporation was given ten business days from the receipt of the notice to pay the fine and comply with the Boards rulings.

As a reminder, the decision of Painters District Council 30's  Trade Board is final and binding on all parties.  If this matter is referred to Civil Court for adjudication, all attorney's fees and court costs will be added to the fine issued by the Board.

If you have any questions regarding this matter, please call my office.

Sincerely,

Charles E. Anderson
Secretary-Treasurer

EXHIBIT
6

3813 ILLINOIS AVENUE, SUITE 101 • ST. CHARLES, ILLINOIS 60174
Phone (630) 377-2120 • Fax (630) 377-2384
charles.anderson@paintersdc30.com



**District Council No.** ~~[illegible]~~

INTERNATI ...
*Painter Local Unions L.U. 97, L.U. ...*

CHARLES E. ANDERSON
*Secretary-Treasurer*

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ 1.39 | |
| Certified Fee | 2.40 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.80 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $4.64 | |

7007 0220 0002 4454 4294

Marco Sanchez
Vision Interior Drywall Corp.
3828 West 121st Pl.
Alsip, IL  60803

.I.O.
1285
1355

May 1, 2007

Marco Sanchez
Vision Interior Drywall Corporation
3828 West 121st Place
Alsip, IL  60803

Certified Return Receipt Mail
1st Class Mail

Dear Mr. Sanchez:

Charges have been filed against your company for violations of the Collective Bargaining Agreement to which you are signatory. You are instructed to appear before the next meeting of Painters District Council No. 30's Joint Trade Board which will be held at the District Council office on May 22, 2007 at 9:00 a.m.   You are required to bring all time card/time sheets, payroll journals and records, copies of all payroll checks and payroll stubs for the fourth quarter of 2006 and year to date for 2007.

A copy of the complaints have been enclosed for your review.  Failure to appear will result in a hearing held in your absence and the decision of the Trade Board will be final and binding.  If this matter is referred to Civil Court for adjudication, all attorney's fees and court costs will be added to any remedy issued by the Board.

If you have any questions regarding this matter, please call my office.

Sincerely,

Charles E. Anderson
Secretary-Treasurer

enclosure

**EXHIBIT**
**7**

3813 ILLINOIS AVENUE, SUITE 101 • ST. CHARLES, ILLINOIS 60174
Phone (630) 377-2120 • Fax (630) 377-2384
charles.anderson@paintersdc30.com